IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
CIVIL ACTION NO. _____

| | |
|---|---|
| THE TRAVELERS INDEMNITY COMPANY OF CONNECTICUT AND TRAVELERS CASUALTY INSURANCE COMPANY OF AMERICA,<br><br>                                Plaintiffs,<br><br>v.<br><br>10-20 SERVICES INC.,<br><br>                                Defendant. | **COMPLAINT** |

NOW COME Plaintiffs The Travelers Indemnity Company of Connecticut ("Travelers Indemnity") and Travelers Casualty Insurance Company of America ("Travelers Casualty"), by and through the undersigned counsel, complaining of Defendant 10-20 Services, Inc., and allege as follows:

PARTIES

1. Travelers Indemnity is a corporation incorporated under the laws of State of Connecticut. It is licensed by the State of North Carolina as an insurance company authorized to issue insurance policies.

2. Travelers Casualty is a corporation incorporated under the laws of State of Connecticut. It is licensed by the State of North Carolina as an insurance company authorized to issue insurance policies.

3. Defendant is a corporation incorporated under the laws of the State of North Carolina. It has a place of business in Cumberland County, North Carolina at 337 McMillan Street, Fayetteville, NC 28301-5503. It has a registered office in Wake County, North Carolina at 176 Mine Lake Court, Suite 100, Raleigh, NC 27615-6417.

1

4. Jurisdiction is proper in this Court pursuant to 28 U.S.C. § 1332 because complete diversity exists between Plaintiffs, Connecticut citizens for purposes of 28 U.S.C. § 1332, and Defendant, a North Carolina citizen for purposes of 28 U.S.C. § 1332, and the amount in controversy exceeds the sum or value of $75,000, exclusive of interests and costs.

5. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to this action occurred in North Carolina and the insurance policies at issue were delivered in North Carolina.

## FACTUAL ALLEGATIONS

### The WC Policy

6. Travelers Indemnity issued Defendant a workers' compensation insurance policy, policy number UB-5E08289 (the "WC Policy"), for the period April 9, 2015 to April 9, 2016. The WC Policy is attached hereto as Exhibit A and is incorporated herein by reference.

7. Defendant renewed its workers' compensation insurance policy with Travelers Indemnity for the period of April 9, 2016 to April 9, 2017.

8. Per the terms and conditions contained in the insurance contract, the WC Policy provided workers' compensation insurance as required by the workers' compensation law of North Carolina.

9. At the inception of the WC Policy, the initial premium deposit was $10,884.00 for the 2015–16 period based upon information provided by Defendant. The initial premium deposit represented an estimated premium based upon information provided by Defendant to Travelers Indemnity and calculated in accordance with rates on file with the North Carolina Rate Bureau.

10. The WC Policy provides that all premium for such policy would be determined by Travelers Indemnity's manual of rules, rates, rating plans and classifications. *See* Ex. A, at Part Five(A).

11. The WC Policy provides Defendant will pay all premium when due. *See* Ex. A, at Part Five(D).

12. The WC Policy's Premium Due Date Endorsement provides that the due date for audit and retrospective premiums is the date of the billing. *See* Ex. A, at Premium Due Date Endorsement, Part Five(D).

13. The WC Policy provides that the final premium for such policy would be determined after such policy ends by using the actual premium basis and the proper classifications and rates that lawfully apply to the business and work covered by such policy. *See* Ex. A, at Part Five(E).

14. The WC Policy provides that Defendant would keep records of information needed to compute premium, and would provide Travelers Indemnity with copies of those records when requested. *See* Ex. A, at Part Five(E).

15. The WC Policy provides that Defendant would let Travelers Indemnity examine and audit its records that relate to such policy in order to determine final premium. *See* Ex. A, at Part Five(G).

16. Defendant requested changes to the WC Policy which resulted in an additional premium due of $6,029.00 under the WC Policy, making the total premium due $16,913.00. The change endorsements reflecting the coverage changes and corresponding premiums are attached hereto as Exhibit B and are incorporated herein by reference.

17. On April 11, 2016, Travelers Indemnity sent a request for information to perform an annual audit and make adjustments to the WC Policy premium. The Invitation Letter is attached hereto as Exhibit C and is incorporated herein by reference.

18. On May 10, 2016, Travelers Indemnity sent another request for this information. The Invitation Letter is attached hereto as Exhibit D and is incorporated herein by reference.

19. On May 26, 2016, Travelers Indemnity sent another request for this information and addressed non-compliance penalties. The Audit Notice is attached hereto as Exhibit E and is incorporated herein by reference.

20. Defendant failed to provide the information and documents that Travelers Indemnity requested and needed for the WC Policy.

21. On July 20, 2016, Travelers Indemnity issued a Premium Adjustment Notice showing earned premium of $25,001.00 for North Carolina based on the audit, making $8,088.00 in additional premium due. The Premium Adjustment Notice is attached hereto as Exhibit F and is incorporated herein by reference.

22. On August 19, 2016, Travelers Indemnity issued a Premium Adjustment Notice showing earned premium of $130,935.00 for California based on the audit, making the total earned premium $164,015.00, which resulted in $147,102.00 of additional premium due. The Premium Adjustment Notice is attached hereto as Exhibit G and is incorporated herein by reference.

23. On September 13, 2016, Travelers Indemnity issued a revised Premium Adjustment Notice showing earned premium of $127,834.00 for California based on the revised audit, making the total earned premium $160,914.00, which resulted in a $3,101.00 premium

4

50447910.v1

Case 5:20-cv-00040-BO   Document 1   Filed 02/04/20   Page 4 of 11

reduction. The Premium Adjustment Notice is attached hereto as Exhibit H and is incorporated herein by reference.

24. On September 20, 2016, Travelers Indemnity issued a revised Premium Adjustment Notice showing earned premium of $119,043.00 for California and earned premium of $33,080.00 for North Carolina based on the revised audit, making the total earned premium $152,123.00, which resulted in a $8,791.00 premium reduction. The Premium Adjustment Notice is attached hereto as Exhibit I and is incorporated herein by reference.

25. On January 4, 2017, Travelers Indemnity issued a revised Premium Adjustment Notice showing earned premium of $127,834.00 for California and earned premium of $33,080.00 for North Carolina based on the revised audit, making the total earned premium $160,914.00, which resulted in a $8,791.00 of additional premium due. The Premium Adjustment Notice is attached hereto as Exhibit J and is incorporated herein by reference.

26. For the 2016–17 renewal period, the initial premium deposit was $15,947.00 based upon information provided by Defendant.

27. Defendant requested changes to the WC Policy which resulted in an additional premium due of $121,236.00 and additional non-premium due of $3,294.00 under the WC Policy. The change endorsements reflecting the coverage changes and corresponding premiums are attached hereto as Exhibit K and are incorporated herein by reference.

28. On October 26, 2016, Travelers Indemnity issued a Notice of Cancellation to Defendant for non-payment of premium, reflecting a total balance due of $268,663.50. The Notice of Cancellation is attached hereto as Exhibit L and is incorporated herein by reference.

29. On December 2, 2016, Travelers Indemnity sent a request for information to perform an annual audit and make adjustments to the WC Policy premium. The Invitation Letter is attached hereto as Exhibit M and is incorporated herein by reference.

30. On December 20, 2016, Travelers Indemnity sent another request for this information. The Invitation Letter is attached hereto as Exhibit N and is incorporated herein by reference.

31. On January 5, 2017, Travelers Indemnity sent another request for this information and addressed non-compliance penalties. The Audit Notice is attached hereto as Exhibit O and is incorporated herein by reference.

32. Defendant failed to provide the information and documents that Travelers Indemnity requested and needed for the WC Policy.

33. On August 28, 2017, Travelers Indemnity issued a Premium Adjustment Notice showing earned premium of $5,020.00 for California and earned premium of $10,978.00 for North Carolina based on the audit, making the total earned premium $15,998.00, which resulted in a $124,479.00 premium reduction. The Premium Adjustment Notice is attached hereto as Exhibit P and is incorporated herein by reference.

34. On September 13, 2017, Travelers Indemnity sent Defendant a demand letter for the outstanding premium of $152,975.00. The Demand Letter is attached hereto as Exhibit Q and is incorporated herein by reference.

35. Defendant made payments in the amount of $64,108.00.

36. Defendant still owes Travelers Indemnity $95,901.50 for outstanding premium under the WC Policy.

6

50447910.v1

Case 5:20-cv-00040-BO   Document 1   Filed 02/04/20   Page 6 of 11

37. Despite Travelers Indemnity's demand that Defendant pay the aforesaid balance that remains due and owing under the terms and requirements of the WC Policy, the balance has not been paid.

<u>The Commercial Policy</u>

38. Travelers Casualty issued Defendant a commercial insurance policy, policy number 8D991467-BA (the "Commercial Policy"), for the period of November 15, 2016 to November 15, 2017. The Commercial Policy is attached hereto as Exhibit R and is incorporated herein by reference.

39. Pursuant to the terms and conditions contained in the insurance contract, the Commercial Policy provided commercial automobile insurance.

40. At the inception of the Commercial Policy, the provisional premium due was $4,051.00. The initial premium deposit represented an estimated premium based upon information provided by Defendant to Travelers Casualty and calculated in accordance with rates on file with the North Carolina Rate Bureau.

41. Defendant made sporadic and untimely premium payments on the account.

42. On August 14, 2017, Travelers Casualty issued a Notice of Cancellation to Defendant for non-payment of premium. The Notice of Cancellation is attached hereto as Exhibit S and is incorporated herein by reference.

43. After the cancellation was effective, on September 13, 2017, Travelers Casualty calculated the total earned premium for the Commercial Policy was $3,240.00, which resulted in a returned premium of $811.00.

44. Defendant made total payments in the amount of $3,259.10.

45. Defendant still owes Travelers Casualty $371.15 for outstanding premium under the Commercial Policy.

46. Despite Travelers Casualty's demand that Defendant pay the aforesaid balance that remains due and owing under the terms and requirements of the Commercial Policy, the balance has not been paid.

<u>The Business Policy</u>

47. Travelers Casualty issued Defendant a business pac insurance policy, policy number 1J411262-680 (the "Business Policy"), for the period of November 27, 2017 to November 27, 2018. The Business Policy is attached hereto as Exhibit T and is incorporated herein by reference.

48. Pursuant to the terms and conditions contained in the insurance contract, the Business Policy provided businessowners insurance.

49. At the inception of the Business Policy, the provisional premium due was $8,434.00. The initial premium deposit represented an estimated premium based upon information provided by Defendant to Travelers Casualty and calculated in accordance with rates on file with the North Carolina Rate Bureau.

50. Defendant never made premium payments on the account.

51. On December 7, 2017, Travelers Casualty issued a Notice of Cancellation to Defendant for non-payment of premium. The Notice of Cancellation is attached hereto as Exhibit U and is incorporated herein by reference.

52. After the cancellation was effective, on January 8, 2018, Travelers Casualty calculated the total earned premium for the Business Policy was $694.00, which resulted in a returned premium of $7,740.00.

53. Defendant still owes Travelers Casualty $694.00 for outstanding premium under the Business Policy.

54. Despite Travelers Casualty's demand that Defendant pay the aforesaid balance that remains due and owing under the terms and requirements of the Business Policy, the balance has not been paid.

FIRST CLAIM FOR RELIEF: BREACH OF CONTRACT (WC POLICY)

55. The allegation contained in Paragraphs 1 through 54 are incorporated by reference as if fully restated herein.

56. The WC Policy is a valid and enforceable contract.

57. Pursuant to the WC Policy, Defendant was obligated to pay premiums owed.

58. Travelers Indemnity demanded that Defendant pay the outstanding balance of premiums owed under the WC Policy.

59. Defendant breached its obligations under the WC Policy by refusing to pay the outstanding premiums.

60. As a direct and proximate result of Defendant's breach of the WC Policy, Travelers Indemnity has sustained damages in an amount of $95,901.50.

SECOND CLAIM FOR RELIEF: BREACH OF CONTRACT (COMMERCIAL POLICY)

61. The allegation contained in Paragraphs 1 through 60 are incorporated by reference as if fully restated herein.

62. The Commercial Policy is a valid and enforceable contract.

63. Pursuant to the Commercial Policy, Defendant was obligated to pay premiums owed.

64. Travelers Casualty demanded that Defendant pay the outstanding balance of premiums owed under the Commercial Policy.

65. Defendant breached its obligations under the Commercial Policy by refusing to pay the outstanding premiums.

66. As a direct and proximate result of Defendant's breach of the Commercial Policy, Travelers Casualty has sustained damages in an amount of $371.15.

THIRD CLAIM FOR RELIEF: BREACH OF CONTRACT (BUSINESS POLICY)

67. The allegation contained in Paragraphs 1 through 66 are incorporated by reference as if fully restated herein.

68. The Business Policy is a valid and enforceable contract.

69. Pursuant to the Business Policy, Defendant was obligated to pay premiums owed.

70. Travelers Casualty demanded that Defendant pay the outstanding balance of premiums owed under the Business Policy.

71. Defendant breached its obligations under the Business Policy by refusing to pay the outstanding premiums.

72. As a direct and proximate result of Defendant's breach of the Commercial Policy, Travelers Casualty has sustained damages in an amount of $694.00.

PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray that the Court enter judgment in favor of Plaintiffs in an amount in excess of $75,000.00 for its actual damages plus interest at the legal rate of 8% per annum from December 7, 2017, until paid; that Plaintiffs recover costs and expenses incurred in this action; and that Plaintiffs have and receive any other relief the Court deems just and proper.

This the 4th day of February, 2020.

                                                  **/s/ SHELLEY W. COLEMAN**
**NC State Bar No. 22783**
**DIANE PAPPAYLIOU**
**NC State Bar No. 50921**
**Attorneys for Plaintiffs**
**BUTLER SNOW, LLP**
**6752 Rock Spring Road, Suite 310**
**Wilmington, NC 28405**
**PH: (910) 550-1320**
**FAX: (910) 550-1321**
**Email: Shelley.Coleman@butlersnow.com**
          **Diane.Pappayliou@butlersnow.com**